M. ALIEU ISCANDARI, (SBN 184307)
ISCANDARI & ASSOCIATES
303 Hegenberger Road, Suite 311
Oakland, CA 94621
Telephone 510 606-9062
Facsimile: 510 803-5684

Attorney for Plaintiff
Steven Young

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

STEVEN YOUNG                                              Case No.

      Plaintiff

Vs

EAST PALO ALTO                         COMPLAINT UNDER THE CIVIL
POLICE OFFICERS                        RIGHTS ACT, 42 U.S.C SECTION 1983
DANIEL CANCILLA and
STEVE HUMRICH
And DOES 1- 50
                                                          JURY TRIAL DEMANDED

      Defendants

---------------------------------------------------/
_____

## JURISDICTION

1. This action arises under 42 U.S.C section 1983. Jurisdiction is based on 28.U.S.C. Sections 1331 and 1343.

## INTRADISTRICT ASSIGNMENT

2. The claims alleged herein arose in the City of East Palo Alto, State of California. Therefore, venue and assignment lies in the United States District Court for the Northern District of California, San Francisco Division. 28 U.S.C. section 1391(b)(2).

3. Plaintiff has a legal capacity to sue or be sued and has the standing to bring Within action for violation of his own constitutional rights under 42 U.S.C. SECTION 1983 Plaintiff has been and is permanent resident of San Mateo County in the State of California.

1

4. Defendant POLICE OFFICER Daniel Cancilla [Hereinafter Defendant CANCILLA] Was at all times mentioned a police officer for East Palo Alto and is sued herein in his Individual and official capacities.

5. Defendant POLICE OFFICER STEVE HUMRICH [Hereinafter defendant HUMRICH] Was at all times herein mentioned a police officer for the EAST PALO ALTO and is sued In his individual and official capacities.

6. In doing the acts alleged herein, Defendants, and each of them, acted within the course and scope of their employment for the CITY OF EAST PALO ALTO and East Palo Alto POLICE DEPARTMENT.

7. In doing the acts or omissions alleged herein, Defendants, and each of them, acted under the color of authority or under color of law.

8. In doing the acts or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee or in concert with each of said other Defendant herein. Plaintiff further alleges that Defendants DOES 1-50, are each responsible in some manner for the damages alleged herein . The true Names and capacities of the Defendants DOES 1-50, are presently unknown to Plaintiff. Plaintiff is informed and thereon believes and alleges that each of them is responsible in some manner for the damages alleged herein. Plaintiff therefore sues Defendants DOES 1-50, by such fictitious names and will seek to amend this complaint to add their true names when the same has become ascertained.

## COMMON ALLEGATIONS

9. On or about May 2, 2017, approximately at 1:00pm., Plaintiff was sitting on a couch in the front yard of a friend he was visiting.

2

10. Defendant CANCILLA and Defendant HUMRICH detained Plaintiff and, without Plaintiff's consent or legal authority, started searching and seizing $4000.00 US Dollars and beating Plaintiff with wrath and fury.

11. While in the position of prone, Defendant CANCILLA and Defendant HUMRICH struck Plaintiff approximately five times on the head and knocked Plaintiff down injuring his back, left shoulder, hands, right elbow and right wrist; and defendants alleged to give Plaintiff distractive blows to subdue him to handcuff.

12. Defendants CANCILLA and HUMRICH acted intentionally with malice and applied unreasonable and unnecessary excessive force while Plaintiff was lying on the ground and intentionally and with coldblooded disregard to human pain and suffering.

13. As a direct and proximate result of Defendants' unlawful acts, Plaintiff is now suffering from constant headaches, temporary memory loss, back pain, loss of enjoyment of life due to the constant pain and suffering that he continues to undergo on a daily basis, loss of his liberty without due process of law and the loss of companionship with friends and loved ones and above all current and future earned income.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
(42 U.S.C. SECTION 1983)
(FOR VIOLATION OF PLAINTIFF'S FOURTH and FOURTEENTH AMENDMENT RIGHTS AND AGAINST DEFENDANTS OFFICERS DANIEL CANCILLA AND STEVE HUMRICH)

14. Plaintiff incorporates by reference and realleges herein paragraph 1 through 13.

15. In doing the acts complained of herein, Defendants CANCILLA and HUMRICH Individually or while acting in concert with another, did act under color of state or law to deprive Plaintiff as alleged heretofore of certain constitutionally protected rights, including but not limited to:

(a) the right to privacy and the right to be free from unlawful arrest, search and seizure;

(b) the right not to be deprived of liberty without due process of law;

(c) the right to be free from discrimination based on race or gender; and

(d) the right to equal protection of law;

(e) said rights are substantive guarantee under the Fourth and Fourteenth Amendments of the United States Constitution.

16. As result of the violation of Plaintiff's constitutional rights as alleged herein, Plaintiff suffered injuries and damages, including, but not limited to, pain suffering, emotional distress, loss of enjoyment of life; special damages, including but not limited to future income.

17. The acts or omissions of Defendants CANCILLA and HUMRICH and each of them were intentional, malicious, oppressive and/or done with conscious, callous and/or each of them, were intentional, malicious, oppressive and/or done with conscious, callous and/or reckless disregard for the rights of Plaintiff. Therefore, Plaintiff prays for an award of punitive damages in the amount to be determined according to proof.

18. Plaintiff is also entitled to recover his attorney fees and costs pursuant to 42 U.S.C. Section 1983 and 1988.

SECOND CAUSE OF ACTION
(42 U.S.C. Section 1983)
Monell's Ruling

(Against Defendants D. Cancilla and S. Humrich)

19. Plaintiff incorporates by reference and realleges herein paragraph 1 through 18.

20. As against Defendant CANCILLA and Defendant HUMRICH in their Official and individual capacities, Plaintiff further alleges that the acts or omissions alleged in the complaint herein are indicative and representative of a repeated course of conduct by the police officers of EAST PALO ALTO POLICE DEPARMENT tantamount to a custom, policy or repeated

practice of condoning and tacitly encouraging the use of excessive force and deliberate indifference to the constitutional rights of citizens.

21. Plaintiff is further informed and believes and thereon alleges that the acts and/or omissions alleged herein are the direct and proximate result of the deliberate indifference of Defendant CANCILLA and Defendant HUMRICH and each of them.

22. The injuries to plaintiff were foreseeable and proximate result of said customs, policies, patterns and/or practices of Defendant CANCILLA and Defendant HUMRICH each of them under the color of state or law, resulted in the deprivation of the constitutional rights of Plaintiff, including, but not limited to, the following;

(a) the right to privacy and the right to be free from unlawful search, seizure and arrest;

(b) the right not to be deprived of liberty without due process of law:

(c) the right to be free from discrimination based on race and or gender; and

(d) the right to equal protection of the law

23. The aforementioned customs, policies or practices of Defendants CANCILLA and HUMRICH and each of them, resulted in the deprivation of the constitutional right of Plaintiff.

### THIRD CAUSE OF ACTION
(Conversion)

24. Plaintiff incorporates by reference and realleges herein paragraph 1 through 23.

25. In doing the acts complained of herein, Defendants CANCILLA and HUMRICH intentional committed a tort (Conversion) unlawfully seizing Plaintiff's $4,000.00 US dollars personal property.

26. As a result of Defendants' harmful and unlawful acts committed with malice to Plaintiff's personal property Plaintiff suffered personal injury and damages. Defendants

5

CANCILLA"S and HUMRICH'S harmful and unlawful acts were the direct and proximate cause of Plaintiff's personal injuries and damages.

## FOURTH CAUSE OF ACTION

(Battery)

27. Plaintiff incorporates by reference and realigns herein paragraph 1 through 26.

28. In doing the acts complained herein, Defendants CANCILLA and HUMRICH intentionally committed harmful and offensive contact to Plaintiff's person.

29. As a result of Defendants' harmful and offensive contact committed with malice to Plaintiff's person, Plaintiff suffered serious personal injuries and damages.  Defendants' CANCILLA'S and HUMRICH'S harmful and offensive acts were the direct and proximate cause of Plaintiff's personal injuries and damages.

## FIFTH CAUSE OF ACTION

(Negligence)

30. Plaintiff incorporates by reference and alleges herein paragraph 1 through 29.

31. I doing the acts complained of herein, Defendants CANCILLA and HUMRICH negligently acted and/or omitted to act resulting in injuries and damages to Plaintiff in breach of their duty.

32.  As a direct and proximate result of the breach of Defendants' duty, Plaintiff suffered injuries and damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SIXTH CAUSE OF ACTION

(Intentional Infliction of Emotion Distress)

33. Plaintiff incorporates by reference and realigns herein paragraph 1 through 32.

34. In doing the acts complained herein, Defendants CANCILLA and HUMRICH individually and/or while acting in concert with one another intentionally or recklessly committed an outrageous act against Plaintiff which is not tolerated by civilized society.

35. As a direct and proximate result of Defendants' acts, Plaintiff suffered intentional infliction emotional distress causing injuries and damages to Plaintiff.

## SEVENTH CAUSE OF ACTION

(Negligent Infliction of Emotional Distress)

36. Plaintiff incorporates by reference and realleges herein paragraph1 through 35.

37. In doing the acts complained of herein, Defendants CANCILLA and HUMRICH individually and or while acting in concert with one another negligently committed an outrageous act against Plaintiff which is not tolerated by this civilized society.

38. As a direct and proximate result of Defendants' act, Plaintiff suffer3ed negligent infliction of emotional distress causing injuries and damages to Plaintiff.

WHEREFORE Plaintiff prays as hereinafter set forth.

## STATEMENT OF DAMAGES

Plaintiff incorporates by reference and realleges herein paragraph 1 through 38.

39. As a result of the acts and/or omissions of Defendants, and each of them, as alleged herein, Plaintiff is entitled to recover for the damages and injuries, including, but not limited to:

(a) General damages, including, but not limited to damages for pain;

(b) Special Damages, including, but not limited to damages for future income, loss of wages and medical expenses;

40. The acts and/or omission of Defendants CANCILLA and HUMRICH each of them, were intentional, malicious, oppressive and/or done with a conscious or reckless disregard for the

7

rights of the Plaintiff. Accordingly, Plaintiff prays for an award of punitive and exemplary damages in amounts to be Determined according to proof.

41. Plaintiff will also be entitled to an award of attorneys' fees and cost pursuant to statute(s) in the event that he is the prevailing party in this action under 42 U.S.C Section 1983 and 1988 and /or under other statutes and/or laws.

## JURY TRIAL DEMANDED

42. Plaintiff hereby demands a jury trial.

## PRAYER

WHEREFORE, Plaintiff prays of judgment against Defendants, and each of them as follow:

1. General damages to determined according to proof;

2. Special damage, including, but not limited to past, present and \/or future wages loss, income and medical expenses;

3. Attorneys' fees pursuant to statues;

4. Costs of suit;

5. Punitive and exemplary damages in amounts to be determined according to proof as to defendants CANCILLA and HUMRICH;

6. For prejudgment interest as permitted by law;

7. For such other and further relief as the Court may deem just and proper.

                LAW OFFICES OF M. ALIEU ISCANDARI, ESQ.

                By:_____
                 M. Alieu Iscandari, Esq.
                 Attorney for Plaintiff
                 STEVEN YOUNG