JEFFREY M. VUCINICH, ESQ. BAR#: 67906
ELIZABETH D. RHODES, ESQ. BAR# 218480
CLAPP, MORONEY, VUCINICH, BEEMAN and SCHELEY
A PROFESSIONAL CORPORATION
1111 Bayhill Drive, Suite 300
San Bruno, CA 94066
(650) 989-5400  (650) 989-5499 FAX

Attorneys for Defendants
OFFICER DANIEL CANCILLA and OFFICER STEVE HUMRICH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN YOUNG,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CITY OF EAST PALO ALTO POLICE OFFICERS DANIEL CANCILLA and STEVE HUMRICH and DOES 1 - 50,<br><br>　　　　Defendants. | CASE NO.: 4:18-cv-01931-DMR<br><br>**ANSWER OF OFFICER DANIEL CANCILLA**<br><br>Complaint filed: 03/29/18 |

COMES NOW DEFENDANT OFFICER DANIEL CANCILLA (hereinafter "Defendant") in response to Plaintiff STEVEN YOUNG's Complaint Under the Civil Rights Act, 42 U.S.C. Section 1983 [Doc. 1]. Defendants hereby admit, deny, and allege as follows:

**PARTIES**

1.　　Answering ¶ 1 of the Complaint, Defendant lacks sufficient information and belief upon which to base an answer, and for that reason, denies generally and specifically the allegations contained therein.

2.　　Answering ¶ 2 of the Complaint, Defendant lacks sufficient information and belief upon which to base an answer, and for that reason, denies generally and specifically the allegations contained therein.

3. Answering ¶ 3 of the Complaint, Defendant lacks sufficient information and belief upon which to base an answer, and for that reason, denies generally and specifically the allegations contained therein.

4. Answering ¶ 4 of the Complaint, Defendant lacks sufficient information and belief upon which to base an answer, and for that reason, denies generally and specifically the allegations contained therein.

5. Answering ¶ 5 of the Complaint, Defendant lacks sufficient information and belief upon which to base an answer, and for that reason, denies generally and specifically the allegations contained therein.

6. Answering ¶ 6 of the Complaint, Defendant lacks sufficient information and belief upon which to base an answer, and for that reason, denies generally and specifically the allegations contained therein.

7. Answering ¶ 7 of the Complaint, Defendant lacks sufficient information and belief upon which to base an answer, and for that reason, denies generally and specifically the allegations contained therein.

8. Answering ¶ 8 of the Compliant, Defendant lacks sufficient information and belief upon which to base an answer, and for that reason, denies generally and specifically the remaining allegations contained therein.

## COMMON ALLEGATIONS

9. Answering ¶ 9 of the Complaint, Defendant lacks sufficient information and belief upon which to base an answer, and for that reason, denies generally and specifically the allegations contained therein.

10. Answering ¶ 10 of the Complaint, Defendant denies generally and specifically the allegations contained therein.

11. Answering ¶ 11 of the Complaint, Defendant denies generally and specifically the allegations contained therein.

12. Answering ¶ 12 of the Complaint, Defendant denies generally and specifically the allegations contained therein.

13. Answering ¶ 13 of the Complaint, Defendant denies generally and specifically the allegations contained therein.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
### (42 U.S.C. SECTION 1983)
### (FOR VIOLATION OF PLAINTIFF'S FOURTH AND FOURTEENTH AMENDMENT RIGHTS AND AGAINST DEFENDANTS OFFICERS DANIEL CANCILLA AND STEVE HUMRICH)

14. Answering ¶ 14 of the Complaint, Defendant lacks sufficient information and belief upon which to base an answer, and for that reason, denies generally and specifically the allegations contained therein.

15. Answering ¶ 15 of the Complaint, Defendant lacks sufficient information and belief upon which to base an answer, and for that reason, denies generally and specifically the allegations contained therein.

16. Answering ¶ 16 of the Complaint, Defendant lacks sufficient information and belief upon which to base an answer, and for that reason, denies generally and specifically the allegations contained therein.

17. Answering ¶ 17 of the Complaint, Defendant lacks sufficient information and belief upon which to base an answer, and for that reason, denies generally and specifically the allegations contained therein.

18. Answering ¶ 18 of the Complaint, Defendants lack sufficient information and belief upon which to base an answer, and for that reason, denies generally and specifically the allegations contained therein.

### SECOND CAUSE OF ACTION
### (42 U.S.C. SECTION 1983)
### Monell's Ruling

19. Answering ¶ 19 of the Complaint, Defendant denies generally and specifically the allegations contained therein; Defendant is not a public entity.

20. Answering ¶ 20 of the Complaint, Defendant denies generally and specifically the allegations contained therein; Defendant is not a public entity.

///

21. Answering ¶ 21 of the Complaint, Defendant denies generally and specifically the allegations contained therein; Defendant is not a public entity.

22. Answering ¶ 22 of the Complaint, Defendant denies generally and specifically the allegations contained therein; Defendant is not a public entity.

23. Answering ¶ 23 of the Complaint, Defendant denies generally and specifically the allegations contained therein; Defendant is not a public entity.

### THIRD CAUSE OF ACTION
### (CONVERSION)

24. Answering ¶ 24 of the Complaint, Defendant lacks sufficient information and belief upon which to base an answer, and for that reason, denies generally and specifically the allegations contained therein, and also denies that this action is stated on the ground that the plaintiff failed to file a government tort claim as required pursuant to Government Code Section 911 et seq.

25. Answering ¶ 25 of the Complaint, Defendant denies generally and specifically the allegations contained therein, and also denies that this action is stated on the ground that the plaintiff failed to file a government tort claim as required pursuant to Government Code Section 911 et seq.

26. Answering ¶ 26 of the Complaint, Defendant denies generally and specifically the allegations contained therein, and also denies that this action is stated on the ground that the plaintiff failed to file a government tort claim as required pursuant to Government Code Section 911 et seq.

### FOURTH CAUSE OF ACTION
### (BATTERY)

27. Answering ¶ 27 of the Complaint, Defendant lacks sufficient information and belief upon which to base an answer, and for that reason, denies generally and specifically the allegations contained therein, and also denies that this action is stated on the ground that the plaintiff failed to file a government tort claim as required pursuant to Government Code Section 911 et seq.

28. Answering ¶ 28 of the Complaint, Defendant denies generally and specifically the allegations contained therein, and also denies that this action is stated on the ground that the plaintiff failed to file a government tort claim as required pursuant to Government Code Section 911 et seq.

///

29. Answering ¶ 29 of the Complaint, Defendant denies generally and specifically the allegations contained therein and also denies that this action is stated on the ground that the plaintiff failed to file a government tort claim as required pursuant to Government Code Section 911 et seq.

## FIFTH CAUSE OF ACTION
## (NEGLIGENCE)

30. Answering ¶ 30 of the Complaint, Defendant lacks sufficient information and belief upon which to base an answer, and for that reason, denies generally and specifically the allegations contained therein, and also denies that this action is stated on the ground that the plaintiff failed to file a government tort claim as required pursuant to Government Code Section 911 et seq.

31. Answering ¶ 31 of the Complaint, Defendant denies generally and specifically the allegations contained therein, and also denies that this action is stated on the ground that the plaintiff failed to file a government tort claim as required pursuant to Government Code Section 911 et seq.

32. Answering ¶ 32 of the Complaint, Defendant denies generally and specifically the allegations contained therein, and also denies that this action is stated on the ground that the plaintiff failed to file a government tort claim as required pursuant to Government Code Section 911 et seq.

## SIXTH CAUSE OF ACTION
## (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

33. Answering ¶ 33 of the Complaint, Defendant lacks sufficient information and belief upon which to base an answer, and for that reason, denies generally and specifically the allegations contained therein, and also denies that this action is stated on the ground that the plaintiff failed to file a government tort claim as required pursuant to Government Code Section 911 et seq.

34. Answering ¶ 34 of the Complaint, Defendant denies generally and specifically the allegations contained therein, and also denies that this action is stated on the ground that the plaintiff failed to file a government tort claim as required pursuant to Government Code Section 911 et seq.

35. Answering ¶ 35 of the Complaint, Defendant denies generally and specifically the allegations contained therein, and also denies that this action is stated on the ground that the plaintiff failed to file a government tort claim as required pursuant to Government Code Section 911 et seq.

///

## SEVENTH CAUSE OF ACTION
### (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

36. Answering ¶ 36 of the Complaint, Defendant denies generally and specifically the allegations contained therein, and also denies that this action is stated on the ground that the plaintiff failed to file a government tort claim as required pursuant to Government Code Section 911 et seq.

37. Answering ¶ 37 of the Complaint, Defendant denies generally and specifically the allegations contained therein, and also denies that this action is stated on the ground that the plaintiff failed to file a government tort claim as required pursuant to Government Code Section 911 et seq.

38. Answering ¶ 38 of the Complaint, Defendant denies generally and specifically the allegations contained therein, and also denies that this action is stated on the ground that the plaintiff failed to file a government tort claim as required pursuant to Government Code Section 911 et seq.

## STATEMENT OF DAMAGES

39. Answering unnumbered of the Complaint, Defendant denies generally and specifically the allegations contained therein.

40. Answering ¶ 39 of the Complaint, Defendant denies generally and specifically the allegations contained therein.

41. Answering ¶ 40 of the Complaint, Defendant denies generally and specifically the allegations contained therein.

42. Answering ¶ 41 of the Complaint, Defendant denies generally and specifically the allegations contained therein.

## JURY TRIAL DEMANDED

43. Answering ¶ 42 of the Complaint, Defendant hereby demands a jury trial.

## PRAYER

1. Defendant denies specifically and generally that Plaintiff is entitled to general damages;

2. Defendant denies specifically and generally that Plaintiff is entitled to special damages, including but not limited to past, present and/or future wages loss, income and medical expenses;

3. Defendant denies specifically and generally that Plaintiff is entitled to attorneys' fees pursuant to statute or otherwise;

4. Defendant denies specifically and generally that Plaintiff is entitled to costs of suit;

5. Defendant denies specifically and generally that Plaintiff is entitled to punitive and exemplary damages in any amount;

6. Defendant denies specifically and generally that Plaintiff is entitled to prejudgment interest as a matter of law;

7. Defendant denies specifically and generally that Plaintiffs are entitled to any other such relief.

## AFFIRMATIVE DEFENSES

AS A FIRST AFFIRMATIVE DEFENSE to the Complaint, and each alleged cause of action thereof, this answering defendant alleges that said Complaint fails to state a claim upon which relief can be granted.

AS A SECOND AFFIRMATIVE DEFENSE to the Complaint, and each alleged cause of action thereof, this answering defendant alleges that the injuries and damages Plaintiff complains of, if any, resulted from the acts and/or omissions of others, and without any fault on the part of this answering defendant.

AS A THIRD AFFIRMATIVE DEFENSE to the Complaint, and each alleged cause of action thereof, this answering defendant alleges that his actions were undertaken in good faith and with the reasonable belief that said actions were valid, necessary and constitutionally proper.

AS A FOURTH AFFIRMATIVE DEFENSE to the Complaint, and each alleged cause of action thereof, this answering defendant alleges that his acts were privileged under applicable statutes and case law.

AS A FIFTH AFFIRMATIVE DEFENSE to the Complaint, and each alleged cause of action thereof, this answering defendant alleges that Plaintiff has failed to allege and/or has not stated facts sufficient to show an affirmative link between Defendant and the acts which allegedly violated Plaintiff's rights.

AS A SIXTH AFFIRMATIVE DEFENSE to the Complaint, and each alleged cause of action thereof, this answering defendant alleges that Plaintiff failed to mitigate his damages, if any.

///

ANSWER OF OFFICER DANIEL CANCILLA;
CASE NO.: 4:18-cv-01931-DMR

7

G:\Data\DOCS\0539\95573\Answer Cancilla.wpd

AS A SEVENTH AFFIRMATIVE DEFENSE to the Complaint, and each alleged cause of action thereof, this answering defendant alleges that Plaintiff's Complaint is barred by the applicable Statute of Limitations.

AS AN EIGHTH AFFIRMATIVE DEFENSE to the Complaint, and each alleged cause of action thereof, this answering defendant alleges that the Complaint is barred by the equitable doctrine of laches.

AS A NINTH AFFIRMATIVE DEFENSE to the Complaint, and each alleged cause of action thereof, this answering defendant alleges that the Complaint is barred by the equitable doctrine of unclean hands.

AS A TENTH AFFIRMATIVE DEFENSE to the Complaint, and each alleged cause of action thereof, this answering defendant alleges that the Complaint is barred by the equitable doctrine of estoppel.

AS AN ELEVENTH AFFIRMATIVE DEFENSE to the Complaint, and each alleged cause of action thereof, this answering defendant alleges that plaintiff has waived their rights to bring this action against them.

AS A TWELFTH AFFIRMATIVE DEFENSE to the Complaint, and each alleged cause of action thereof, this answering defendant alleges that Plaintiff at all times had actual and/or constructive knowledge of the circumstances upon which Plaintiff's Complaint is based. Plaintiff expressly accepted those circumstances and thereby ratified the conduct of which Plaintiff complains.

AS A THIRTEENTH AFFIRMATIVE DEFENSE to the Complaint, and each alleged cause of action thereof, this answering defendant alleges that any damages sustained by plaintiff were either fully or in part the fault of others, whether that fault be the proximate result of negligence, strict liability, breach of warranty, breach of contract, or any other type of fault caused by persons, firms, corporations or entities, other than this answering defendant, and that said negligence or fault comparatively reduces the percentage of fault or negligence, if any, by this answering defendant.

AS A FOURTEENTH AFFIRMATIVE DEFENSE to the Complaint, and each alleged cause of action thereof, this answering defendant alleges that decedent was himself careless and negligent in and about the matters alleged in the Complaint and that said carelessness and negligence on decedent's own

part proximately contributed to Plaintiff's loss and damage, if any there were. Decedent's contributory negligence shall reduce any and all damages sustained by said Plaintiff.

AS A FIFTEENTH AFFIRMATIVE DEFENSE to the Complaint, and each alleged cause of action thereof, this answering defendant alleges that decedent was actively negligent in and about the matters alleged in the Complaint and are thereby barred from any recovery.

AS A SIXTEENTH AFFIRMATIVE DEFENSE to the Complaint, and each alleged cause of action thereof, this answering defendant are informed and believes and thereon allege that decedent and plaintiffs, with full appreciation of the particular risks involved, nevertheless knowingly and voluntarily assumed the risks and hazards of the incident complained of and the damages, if any, resulting therefrom.

AS A SEVENTEENTH AFFIRMATIVE DEFENSE to the Complaint, Defendant is informed and believes and thereon alleges that Defendant's conduct was not motivated by evil motive or intent, nor reckless or callous indifference to the rights of others, and thus punitive damages are not awardable against Defendant.

AS AN EIGHTEENTH AFFIRMATIVE DEFENSE to the Complaint, Defendant is informed and believes and thereon alleges that defendant is entitled to a absolute and qualified immunity because defendant did not violate clearly established statutory or constitutional rights of which a reasonable person would have been aware.

AS A NINETEENTH AFFIRMATIVE DEFENSE to the Complaint, Defendant is informed and believes and thereon alleges that Defendant officer cannot commit a constitutional violation against Plaintiff caused by a policy, custom, or practice because he is not a public entity, and therefore no *Monell* claim is stated against him.

AS A TWENTIETH AFFIRMATIVE DEFENSE to the Complaint, Defendant is informed and believes and thereon alleges that plaintiff failed to exhaust his administrative remedies including, but not limited to, those pursuant to Government Code §900 through §935, et seq.

AS A TWENTY-FIRST AFFIRMATIVE DEFENSE, Defendants is informed, believes, and thereon alleges that Defendant is absolutely immune from liability for all California state law causes of action pursuant to California Government Code Sections 815.2, 821.6, and all other relevant

provisions of said code, or other California statutory and/or case law, which immunize Defendant from civil liability for acts falling within their scope of work as public employees.

AS A TWENTY-SECOND AFFIRMATIVE DEFENSE, defendant alleges that the defendant acted with probable cause at all relevant times.

AS A TWENTY-THIRD AFFIRMATIVE DEFENSE, defendants alleges that defendant had reasonable suspicion to detain plaintiff.

AS A TWENTY-FOURTH AFFIRMATIVE DEFENSE, defendant alleges that he used reasonable force in his attempt to detain and/or arrest decedent.

AS A TWENTY-FIFTH AFFIRMATIVE DEFENSE, defendant alleges that the actions undertaken by the officer was objectively reasonable given the totality of the circumstances.

AS A TWENTY-SIXTH AFFIRMATIVE DEFENSE, defendant alleges that the defendant is entitled to qualified immunity.

AS A TWENTY-SEVENTH AFFIRMATIVE DEFENSE, defendant alleges that said complaint, and each alleged cause of action thereof, fails to state facts sufficient to support an award of attorney's fees, costs and expenses against this answering defendant.

AS A TWENTY-EIGHTH AFFIRMATIVE DEFENSE, this answering defendant alleges that the individual Defendant, pursuant to Government Code Section 815.2, is entitled to immunity from the PLAINTIFF by virtue of the provisions of the Government Code of the State of California, Sections 800 through 1000, including but not limited to Section 820.2, 820.4, 820.6, 820.8, 821, 821.6, 822.2, 830 et seq., 830.4, 830.8 and 845.8.

AS A TWENTY-NINTH AFFIRMATIVE DEFENSE, this answering defendant alleges that plaintiff failed to follow the claim presentation procedure pursuant to the California Tort Claims Act.

AS A THIRTIETH AFFIRMATIVE DEFENSE, this answering defendant alleges that the complained of conduct is privileged under California Civil Code §47 and applicable case law.

///
///
///
///

WHEREFORE, this answering defendant prays that Plaintiff take nothing from this Defendant by way of his Complaint, for attorneys' fees and costs of suit incurred herein, and for such other and further relief as the court deems just and proper.

Defendants demand a jury trial.

DATED: June 14, 2018

CLAPP, MORONEY, VUCINICH, BEEMAN and SCHELEY

By: _____
JEFFREY M. VUCINICH, ESQ.
ELIZABETH D. RHODES, ESQ.
Attorneys for Defendants
OFFICER DANIEL CANCILLA
and OFFICER STEVE HUMRICH

**YOUNG v. CITY OF EAST PALO ALTO OFFICERS DANIEL CANCILLA and STEVE HUMRICH, et al.**
U.S. District Court, Northern District of California Case No. 4:18-cv-01931-DMR

**PROOF OF SERVICE - Civil**
[*Code of Civ. Proc. §§ 1011, 1013, 1031a, 2015.5*]

**METHOD OF SERVICE:**

☐ By Personal Service ☒ By Mail ☐ By Overnight Delivery
☐ By Messenger Service ☐ By Facsimile ☒ By E-Mail/Electronic Transmission

1. I am a citizen of the United States and am employed in the County of San Mateo, State of California. I am over the age of 18 years and not a party to the within action.

2. My place of employment is 1111 Bayhill Drive, Suite 300, San Bruno, CA 94066.

3. On the date set forth below, I caused to be served a true and correct copy of the document described as:

**ANSWER OF OFFICER DANIEL CANCILLA**

4. I served the document on the persons below, as follows:

| M. Alieu Iscandari, Esq.<br>Iscandari & Associates<br>303 Hegenberger Road, Suite 311<br>Oakland, CA 94621<br>Tel: (510) 606-9062<br>Fax: (510) 803-5684<br>email: izcan79@gmail.com<br>*Attorneys for Plaintiff STEVEN YOUNG* | |
|---|---|

5. The document was served by the following means (specify):

   a. ☐ **BY PERSONAL SERVICE.** I personally delivered the documents to the persons at the addresses listed in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

   b. ☒ **BY UNITED STATES MAIL.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and (specify one):

      (1) ☐ deposited the sealed envelope with the United States Postal Services, with the postage fully prepaid.

      (2) ☒ placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same

ANSWER OF OFFICER DANIEL CANCILLA;
CASE NO.: 4:18-cv-01931-DMR

12

G:\Data\DOCS\0539\95573\Answer Cancilla.wpd

day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am resident or employed in the County where the mailing occurred. The envelope or package was placed in the mail at San Bruno, California, County of San Mateo.

c. ☐ **BY OVERNIGHT DELIVERY.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 4. I place the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. ☐ **BY MESSENGER SERVICE.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 4 and providing them to a professional messenger service for service.

e. ☐ **BY FAX TRANSMISSION.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in item 4. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

f. ☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION.** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the email addresses listed in item 4. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ **(State)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ **(Federal)** I declare that I am employed in the offices of a member of the bar of this court at whose direction this service was made. I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 14, 2018, at San Bruno, California.

_____
Claudia Gomez

*Proof of Service - Civil*
*[Code of Civ.Proc. §§ 1011, 1013, 1013a, 2015.5]*