M. ALIEU ISCANDARI (SBN 184307)
ISCANDARI & ASSOCIATES
303 Hegenberger road suite 311
Oakland CA 94621
Telephone: 510-606-9062
E mail: izcan79@gmail.com

Attorney for Plaintiff
Steven Young

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| STEVEN YOUNG,<br><br>    Plaintiff,<br><br>vs.<br><br>EAST PALO ALTO POLICE OFFICERS DANIEL CANCILLA and STEVEN HUMERICH, and DOES 1-50,<br><br>    Defendants. | Case No.: 18-cv-01931-DMR<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>Date:     December 20, 2018<br>Time:     11:00 a.m.<br>Courtroom: 4, 3rd Floor<br>Judge:    Hon. Donna M. Ryu |

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................ 1

II. STATEMENT OF FACTS ........................................................................................ 1

III. IMPROPER FILING ................................................................................................ 4

IV. ARGUMENT ............................................................................................................ 4

   A. Legal Standard for Summary Judgment .............................................................. 4

   B. Defendants Are Liable to Plaintiff in Their Individual Capacity for Their Own Illegal Acts for Violating Plaintiffs Fourth and Fourteenth Amendment Rights Under Section 1983 .. 6

   C. Defendants Are Not Entitled to Qualified Immunity under Federal Laws Because Their Acts Violated Plaintiff's Rights Protected Under Clearly Established Law under the Objective Reasonableness Standard Taking into Consideration the Totality of Circumstances during the Arrest 9

      i. Clearly Established Law Protects Plaintiff's Right Which A Reasonable Official Would Understand That What He Is Doing Violates That Right ...................................................... 9

      ii. Defendants Are Not Entitled to Qualified Immunity Because Taking the Totality of Circumstances in this Case, Objective Reasonableness Establishes that Defendants Violated Plaintiff's Fundamental Rights Protected under the Fourth and Fourteenth Amendments .. 10

V. CONCLUSION ...................................................................................................... 11

# TABLE OF AUTHORITIES

**CASES**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986) .................................................. 4, 9

*Berry v. Leslie*, 767 F.3d 1144 (11th Cir. 2014) ............................................................................. 8

*Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001) ..................................... 4

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ............................................................................... 5

*Cornwell v. Electra Central Credit Union*, 439 F.3d 1018, 1029-1030 (9th Cir. 2006) ............. 5

*Donaldson v. City of Walterboro Police Dep't*, 466 F. Supp. 2d 677 (D.S.C. 2006) .................. 8

*Eastman Kodak Co. v. Image Technical Servs.*, 451 U.S. 451 (1992) ......................................... 5

*Franklin v. Curry*, 738 F.3d 1246 (11th Cir. 2013) ..................................................................... 11

*Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997) ................................................................ 5

*Graham v. Connor*, 490 U.S. 386 (1989) ..................................................................................... 10

*Hafer v. Melo*, 502 U.S. 21 (1991) .................................................................................................. 8

*Hallstrom v. Garden City*, 991 F.2d 1473 (9th Cir. 1993) ..................................................... 9, 10

*Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (per curiam) ........................................................... 5

*Keating v. City of Miami*, 598 F.3d 753 (11th Cir. 2010) ........................................................... 11

*Keenan v. Allan*, 91 F.3d 1275 (9th Cir. 1996) ............................................................................. 5

*McCullough v. Antolini*, 559 F.3d 1201 (11th Cir. 2009) ........................................................... 11

*Mendoza v. Block*, 27 F.3d 1357 (9th Cir. 1994) .................................................................... 9, 10

*Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) .............................................................................. 5

*Nationwide Life Ins. Co. v. Bankers Leasing Ass'n, Inc.*, 182 F.3d 157, 160 (2d Cir. 1999) ..... 5

*Oliver v. Fiorino*, 586 F.3d 898 (11th Cir. 2009) ....................................................................... 10

*Reichle v. Howards*, 566 U.S. 658 (2012) .................................................................................... 11

*Saucier v. Katz*, 533 U.S. 194, 201 (2001) .................................................................................. 5, 6

*Scheuer v. Rhodes*, 416 U.S. 232 (1974) ....................................................................................... 8

*Siegert v. Gilley*, 500 U.S. 226, 232 (1991) ................................................................................... 6

*State v. Superior Court*, 32 Cal. 4th 1234 (2004) ........................................................................ 7

*Terry v. Ohio*, 392 U.S. 1 (1968) .................................................................................................. 10

*White v. Pierce County*, 797 F.2d 812 (9th Cir. 1986) ............................................................... 10

*Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986) ........................................................ 11

MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

**STATUTES**

28 U.S.C. § 1367(a) .................................................................................................. 8

42 U.S.C. § 1983 ............................................................................................. passim

Gov. Code § 820.2 .................................................................................................. 10

Gov. Code § 900, et seq. .......................................................................................... 7

Gov. Code § 905 ....................................................................................................... 6

Gov. Code § 910 .................................................................................................. 4, 7

Gov. Code §900.4 .................................................................................................... 6

Government Code § 910, et seq. ............................................................................. 1

**RULES**

Fed. R. Civ. P. 56 ........................................................................................... 1, 3, 11

Fed. R. Civ. P. 56(c) ................................................................................................ 4

Fed. R. Civ. P. 56(e) ................................................................................................ 5

Northern District Local Rule 56-2(a) ...................................................................... 4

## I. INTRODUCTION

Counsel for the Defendants in this action bring this motion for Summary Judgment pursuant to Fed. R. Civ. P. Rule 56 in a desperate attempt to dismiss an action before major discovery has even begun and without admissible evidence to do so. The Defendants have clearly failed to meet their burden of showing that of establishing the absence of a genuine issue of material fact.

For purposes of this motion Plaintiff concedes that he does not have a viable *Monell* claim.

This lawsuit arises from a violent interaction between Plaintiff and Defendant Police Officers Cancilla and Humerich. On or about May 2, 2017, Plaintiff was visiting a friend, Ms. Leo Woodard, at 2250 Menalto Ave in East Palo Alto California. As will be demonstrated by the facts below, the Defendants did not have grounds to enter the property and engage with Plaintiff resulting in his arrest.

Plaintiff admits that he did not comply with Government Code § 910, et seq. and is not required to since he is not filing any actions against the governmental entities. Rather, Plaintiff's action is against the Defendants in their individual capacities for violations of his constitutional rights as enshrined in 42 U.S.C. § 1983.

## II. STATEMENT OF FACTS

At approximately 1:00 p.m., Plaintiff who was sitting on a bench close to the garage, was using a razor to scrape some corns from his toes. Plaintiff observed two police officers enter the property and he recognized one of them as Defendant Cancilla. (Declaration of Steven Young, ¶ 2,3.) Plaintiff recognized Officer Cancilla because of their previous interactions which resulted in Plaintiff filing multiple complaints for excessive force and harassment against him with the City of East Palo Alto Police Department. (Young Decl., ¶ 4, 5, 6.)

Plaintiff asked Defendant Cancilla if they had a warrant for entering the property. Defendant Cancilla replied that he was there on a probation search and that the probationer was Raymond Lee Scott. (Young Decl., ¶ 7.)

Plaintiff informed him that no such person lived there, and they requested that the owner

of the home be summoned, a request that Plaintiff complied with by calling loudly for Ms. Woodard to come to the porch of the house. (Young Decl., ¶ 9.) When Ms. Woodard arrived, she was asked whether there was a Raymond Lee Scott residing at the residence and she responded that no one lived there, nor ever lived there by that name. Ms. Woodard then inquired as to the purpose for their presence. (Young Decl., ¶ 10, 11.) (Declaration of Leo Woodard, ¶ 6-10.)

They informed Ms. Woodard that they were on the property on a probation search and that they were looking for Mr. Scott. Ms. Woodard told them that no one ever did live there with that name. (Young Decl., ¶ 11.)

Plaintiff noticed that other officers, who he recognized as narcotics officers had entered the property and were headed towards the back of the property. They claimed that there was some commotion going on and proceeded towards the back of the property. (Young Decl., ¶ 12.)

Defendants Officer Cancilla and Officer Humerich ran over towards Plaintiff and enquired whether Plaintiff had any weapons. Plaintiff responded that he did not have any weapons other than the razor he was using to scrape the corns on his toes. He handed the razor to Officer Cancilla while still in a sitting position and posing no threat to either officer. (Young Decl., ¶ 13, 14, 15.)

Officer Cancilla then asked if he could pat search Plaintiff. Plaintiff told him he could not because he was not on probation nor had he done anything wrong to create probable cause for the officer to search him. Plaintiff further told officer Cancilla that he was not the reason for Cancilla coming onto the property. (Young Decl., ¶ 16.)

Defendant Officer Cancilla reached out and grabbed Plaintiff by his left wrist and twisted it in such a grotesque manner that it caused Plaintiff an extreme amount of pain and discomfort. After Defendant grabbed and twisted Plaintiff's wrist, he yanked Plaintiff from his sitting position and forcefully slammed him onto the concrete pavement, such that Plaintiff's head, face and torso were violently slammed onto the concrete pavement. (Young Decl., ¶ 17, 18, 19.) (Woodard Decl., ¶ 12-14.). Plaintiff was slammed onto the pavement on his back and then flipped around by both officers.

Plaintiff offered no resistance while he was being roughed up, however while he was laying face down on the pavement, Defendant Officer Cancilla continued to hit Plaintiff on the head and face area with a closed fist and with his elbows, while at the same time applying painful pressure on Plaintiff's spine to keep Plaintiff down. (Young Decl., ¶ 18, 19.)

Defendant Humerich also grabbed Plaintiff's right hand at the wrist and violently twisted it causing Plaintiff to suffer extreme pain and discomfort. (Young Decl., ¶ 18.)

Plaintiff asked both officers what he had done wrong to be subjected to that level of violence and Defendant Cancilla responded that Plaintiff was being arrested for violation of probation, assault on a police officer, possession of crack cocaine and resisting arrest. (Young Decl., ¶ 20, 21.)

Plaintiff was not on probation at the time of the arrest, nor did he offer any resistance, nor was he in possession of crack cocaine. (Young Decl., ¶ 22, 23, 24.)

Plaintiff was placed in a police vehicle and taken to the Emergency Room at San Mateo Medical Center, in San Mateo, California. At the emergency room, Plaintiff was treated for abrasions, bruises and scratches to his face and body, and back pain from Defendant Cancilla using his knee on his spine. (Young Decl., ¶ 25, 26.)

Plaintiff was taken from the hospital to the Redwood City Jail and booked on charges of resisting arrest and assault and battery on a police officer. Plaintiff had an amount of cash in excess of $4,000.00 in his possession at the time of the arrest and this was illegally seized by Defendant officers. (Young Decl., ¶ 27, 28.) At his first appearance on this matter Plaintiff was released by the court on his own recognizance. (Young Decl., ¶ 29.)

At a subsequent hearing, charges were dismissed subject to a plea agreement. (Young Decl., ¶ 30.)

On his release, Plaintiff was treated by Dr. Syvrain in Redwood City where he presented with complaints for aches and pains and mental stress related to the incident. (Young Decl., ¶ 31.)

Since the incident Plaintiff has been seeing a therapist, Caroline Salvador-Moses, Psy.D. (Young Decl., ¶ 32.)

## III. IMPROPER FILING

Counsel for the Defendants bring this motion under Fed. R. Civ. P. Rule 56 in open contempt for proper procedure, including compliance with Northern District of California Local Rules. Local Rule 56-2(a) provides:

> "No Separate Statement Allowed Without Court Order. Unless required by the assigned Judge, no separate statement of undisputed facts or joint statement of undisputed facts shall be submitted."

The Defendants have obtained no such court order and yet burden the court and the Plaintiff with just such a statement three pages long with nine items, in an apparent attempt to fragment the motion and increase the workload of the Plaintiff. Some sanction should be provided beyond merely ignoring the filing.

As would be expected, the Defendants' Separate Statement is referred to twenty-one separate times in the Defendants' Memorandum in the place of references to declarations where admissible evidence might be found. As the court knows very well, the Plaintiff and the Court are not required to search the moving papers for admissible evidence, *Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001). This must be especially true where counsel has chosen to ignore the Northern District Local Rules.

## IV. ARGUMENT

Plaintiff brings this complaint of action alleging, interalia, the following seven causes of action against Defendants in their individual capacities for acts committed under color of law. Plaintiff makes allegations based on 42 U.S.C. § 1983, Monell violations, conversion, battery, negligence, and intentional and negligent infliction of emotional distress. As stated earlier, Plaintiff concedes that his failure to file a Gov. Code § 910 claim, vitiates his Monell claim.

### A. Legal Standard for Summary Judgment

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

An issue is "genuine" only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). A fact is "material" if the fact may affect the outcome of the case. *Id.* at 248. "In considering a motion for summary judgment, the court may not weigh the evidence or make credibility determinations and is required by law to draw all inferences in a light most favorable to the Non-moving party" *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997). A principal purpose of the summary judgment procedure is to identify and dispose of factually unsupported claims. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

The party moving for summary judgment bears the initial burden of identifying those portions of the pleading, discovery, and affidavits which demonstrate the absence of a genuine issue of material fact. *Id.* at 323. Once the moving party meets this initial burden, the non-moving party must go beyond the pleadings and by its own evidence "set forth specific facts showing that there is a genuine issue for trial" Fed. R. Civ. P. 56(e). The non-moving party must "identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996).

Because summary judgment is a "drastic device," cutting off a party's right to present its case to a jury, the moving party bears a "heavy burden" of demonstrating the absence of any triable issue of material fact. *Nationwide Life Ins. Co. v. Bankers Leasing Ass'n*, 182 F.3d 157, 160 (2d Cir. 1999).

The evidence of the nonmoving party is to be believed, and all justifiable inferences are to be drawn in such party's favor. *Eastman Kodak Co. v. Image Tech. Servs.*, 504 U.S. 451 (1992). The extent of this deference to justifiable inferences and giving the benefit of the doubt to the non-moving party, it has been held that, "Circumstantial evidence alone may create a genuine issue of material fact, sufficient to defeat a motion for summary judgment." *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1029-30 (9th Cir. 2006).

Qualified Immunity is "an entitlement not to stand trial or face the other burdens of litigation." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) The privilege is an immunity from suit rather than a mere defense to liability. *Id.* As a result, the Supreme Court has repeatedly stressed

the importance of resolving immunity questions at the earliest possible stage in litigation. *Saucier v. Katz*, 533 U.S. 194, 201 (2001) (citing, *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (per curiam)). The court, therefore, is required to rule upon a qualified immunity issue as a threshold question and may make such a determination at summary judgment. *Id.* The court must consider the questions, taken in the light most favorable to the party asserting the injury, whether the facts alleged demonstrate that the officer's conduct violates a constitutional right. *Id.* (citing *Siegert v. Gilley*, 500 U.S. 226, 232 (1991)). If the court finds that there is a constitutional violation, the next inquiry is whether the officer could nevertheless have reasonably, but mistakenly, believed that his conduct did not violate a clearly established constitutional right. *Saucier*, 533 U.S. at 201-05.

### B. Defendants Are Liable to Plaintiff in Their Individual Capacity for Their Own Illegal Acts for Violating Plaintiffs Fourth and Fourteenth Amendment Rights Under Section 1983

Defendants violated Plaintiffs fourth and fourteenth amendment rights under color of state law. Section 1983 applies in an action against a defendant who violates plaintiff's constitutional rights and said section provides remedies to an aggrieved plaintiff.

> Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other *person* within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. (*Emphasis added.*) 42 U.S.C. 1983

In this case, Plaintiff has filed a law suit against the individual officers in their individual capacities. Plaintiff has filed no causes of action against any governmental entities.

The requirement for notice under the California Tort Claim Act is found in Gov. Code § 905, which states,

> There shall be presented in accordance with Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with Section 910) all claims for money or damages against local public entities.

California Gov. Code §900.4 provides that, "'Local public entity' includes a county, city, district, public authority, public agency, and any other political subdivision or public corporation in the State, but does not include the State." Thus, the Government torts claim statute does not apply. Here the Government Tort Claims Act only applies if defendants were being sued in their official capacities.

In support of its position that Plaintiff's failure to comply with the Government Torts Claims Act vitiates any claims that he may have against any of the defendants in their individual capacities, Defendants cite the following cases. In *State v. Superior Court*, 32 Cal. 4th 1234, 1245 (2004), a state prison inmate filed suit against the state and various state agencies and employees in their official capacity (collectively, the state) alleging that they misdiagnosed his lung cancer as tuberculosis and failed to provide him with adequate medical care and asserting four state claims for: (1) intentional infliction of emotional distress, (2) violation of Gov. Code, § 845.6, (3) negligence, and (4) negligence per se. The state demurred alleging that the inmate failed to state facts sufficient to constitute a cause of action and that his state law claims were barred by his failure to comply with Gov. Code § 900, et seq.

The problem with both of Defendants' cited cases is that state and/or municipal officers were sued in their official capacities and not in their individual capacity. Thus, Plaintiff's failure to comply with the Gov. Code § 910, et seq., claim requirements vitiates any state law claims that they may have against said defendants. Had defendants in either of these two cases complied with Gov. Code § 910, et seq., their state claims would have survived the motion to dismiss.

Individual defendants, such as the present Defendants, do not have any statutory right to be provided notice of a potential claim. Thus, the failure of a plaintiff to comply with a state torts claims act does not affect any other causes of action that may be come within the ambit of the federal court's supplemental jurisdiction.

> Federal Courts may exercise pendent jurisdiction over state law claims when state and federal claims derive from a common nucleus of operative facts.

Where arrestee filed suit against police departments of two towns seeking recovery under 42 U.S.C. § 1983 on the basis that his arrest lacked probable cause and used excessive force, in

violation of the Fourth Amendment, as well as seeking recovery under state law for assault and battery, malicious prosecution, and negligence, and where district court had original jurisdiction over lawsuit because § 1983 arrest claim arose under U.S. laws and constitution, court also had supplemental jurisdiction under 28 U.S.C. § 1367(a) over arrestee's related state law claims because they formed part of the same case or controversy. *Donaldson v. City of Walterboro Police Dep't*, 466 F. Supp. 2d 677 (D.S.C. 2006), motion gr, summary judgment dismd (2008, DC SC)

It is well settled law that defendants can be sued in either their personal/individual capacities or in their official capacities. "State officers may be held personally liable for damages under § 1983 based upon actions taken in their official capacities." *Hafer v. Melo*, 502 U.S. 21 (1991). That same case goes on to state,

> State officials, sued in their individual capacities, are "persons" within the meaning of § 1983. Unlike official-capacity defendants-who are not "persons" because they assume the identity of the government that employs them.

As in *Hafer, supra*, Defendant's "theory would absolutely immunize state officials from personal liability under §1983 solely by virtue of the 'official' nature of their acts, in contravention of this Court's immunity decisions."

The plaintiff need not establish a connection to a governmental "policy or custom" in order to prevail against an official being sued in his individual/personal capacity. This principle has been broadened to include the widest possible protection for citizen irrespective of the capacity of the perpetrator such as in *Scheuer v. Rhodes*, 416 U.S. 232, 243 (1974), to wit:

> § 1983 was enacted to enforce provisions of the Fourteenth Amendment against those who carry a badge of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it.

In order to prevail on a personal capacity claim under § 1983, the plaintiff must generally show that the official was personally involved in the acts that resulted in the constitutional deprivation, and the inquiry into causation must focus on the duties and responsibilities of each of the individual officials whose acts or omissions are alleged to have resulted in a constitutional deprivation. See, *Berry v. Leslie*, 767 F.3d 1144 (11th Cir. 2014).

The word "person" in § 1983 does not include the states or state officials acting in their official capacities. A § 1983 suit against a government official in his official capacity generally represents only another way of pleading an action against the entity of which an officer is an agent – the real party in interest is the municipal entity.

In the present matter the real parties in interest are the two Defendant officers, Cancilla and Humerich, who are being sued in their individual capacity and, thus, the court has pendent jurisdiction to hear the state law causes of action alleged against these two Defendants in their individual capacity. Pendent jurisdiction is the authority of a United States federal court to hear a closely related state law claim against a party already facing a federal claim, described by the Supreme Court as "jurisdiction over nonfederal claims between parties litigating other matters properly before the court."

Thus, this Honorable court has pendent jurisdiction to adjudicate state law claims that are closely related to the claims against a defendant already properly before the Court on federal claims.

### C. Defendants Are Not Entitled to Qualified Immunity under Federal Laws Because Their Acts Violated Plaintiff's Rights Protected Under Clearly Established Law under the Objective Reasonableness Standard Taking into Consideration the Totality of Circumstances during the Arrest

A law enforcement officer is entitled to qualified immunity in a civil rights action if the district court determines that, in light of clearly established principles governing the conduct in question at the time of the challenged conduct, the officer could reasonably have believed that the conduct was lawful. *Mendoza v. Block*, 27 F.3d 1357, 1360 (9th Cir. 1994) (citing *Hallstrom v. Garden City*, 991 F.2d 1473, 1482 (9th Cir. 1993)).

#### i. Clearly Established Law Protects Plaintiff's Right Which A Reasonable Official Would Understand That What He Is Doing Violates That Right

For qualified immunity purposes, right must be clearly established, that is, "the contours of the right must be sufficiently clear that [at the time the alleged unlawful action is taken] a reasonable official would understand that what he is doing violates that right." *Id.* (citing *Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

This determination requires a two-step analysis. First, the court must determine whether the law governing the official's conduct was clearly established at the time the challenged conduct occurred. *Id.* The second step requires that the court address the question whether, under that clearly established law, a reasonable officer would have believed that conduct to be lawful. *Id.* This is the test of the objective reasonableness of the Defendant's actions.

In the case at bar, Plaintiff's claims for excessive force, arises in the context of an unlawful search and subsequent arrest of a free citizen, on trumped up charges and so is most properly characterized as one invoking the protections of the Fourth amendment which guarantees citizens the right "to be secure in their persons against unreasonable searches and seizures of their person." *Graham v. Connor*, 490 U.S. 386, 394 (1989). A "seizure" triggering the Fourth amendment protections occurs only when government actors have, "by means of physical force or show of authority . . . in some way restrained the liberty of a citizen" *Id.* at pg. 395, n. 10 (Citing *Terry v. Ohio*, 392 U.S. 1, 19 n.16 (1968).

It is clearly established that the use of excessive force by Defendant police officers in the arrest of Plaintiff violates the arrestees Fourth Amendment rights to be free from unreasonable seizure. *White v. Pierce County*, 797 F.2d 812, 816 (9th Cir. 1986).

To obtain qualified immunity, a defendant must first demonstrate that he was acting within his discretionary authority when the alleged violation occurred. *Oliver v. Fiorino*, 586 F.3d 898, 905 (11th Cir. 2009). Here, the Plaintiff disputes that Cancilla and Humerich were acting within the scope of their discretionary duties. Plaintiff asserts that on the contrary, the fact that Defendants' act of arresting Plaintiff, conducting an illegal search of his person, and claiming that the basis of his arrest was that he was on probation, had assaulted Defendants, had resisted arrest and that he possessed cocaine, none of which were true, all of these rise to the level of ministerial acts and not discretionary under Gov. Code § 820.2.

### ii. Defendants Are Not Entitled to Qualified Immunity Because Taking the Totality of Circumstances in this Case, Objective Reasonableness Establishes that Defendants Violated Plaintiff's Fundamental Rights Protected under the Fourth and Fourteenth Amendments

The totality of circumstances establish that Defendants violated Plaintiff's Fourth and

Fourteenth amendments rights. Once the law governing an official's conduct is clearly established, the availability of qualified immunity depends only if a reasonable official would have believed that the conduct at issue was lawful under clearly established law. *Mendoza*, 27 F.3d at 1362 (citing *Hallstrom*, 991 F.2d 1473). The reasonableness of the particular use of force must be judged from the perspective of a reasonable officer on the scene. *Graham*, 490 U.S. at 396.

Therefore, the burden shifts to the plaintiffs "'to show that the grant of qualified immunity is inappropriate.'" *Id.* Quoting, *McCullough v. Antolini*, 559 F.3d 1201, 1205 (11th Cir. 2009). To do this, the plaintiffs must establish both that a violation of their constitutional rights occurred and that the violated rights were "clearly established" at the time of the incident in question. *Franklin v. Curry*, 738 F.3d 1246, 1249 (11th Cir. 2013) (per curiam) (citing *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010)). The plaintiffs must also show a causal nexus between the defendants' acts or omissions and the alleged constitutional violations. *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986) (per curiam) (citing, *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1982)).

A clearly established right is one that is "sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Reichle v. Howards*, 566 U.S. 658, 664 (2012).

## V. CONCLUSION

Plaintiff has been subjected to an abuse of his rights by the Defendants falsely arresting the Plaintiff. Furthermore Plaintiff was suffered Physical abuse upon his person from these defendants.

Plaintiff has met his burden under the law, it is now up to the trier of fact to determine the credibility of both sides and to decide the case.

This Motion for Summary Judgment, pursuant to Federal Rules of Civil Procedure, Rule 56, should be rejected by this Court.

Dated November 21, 2018              **ISCANDARI & ASSOCIATES**

                                     /s/ _____
                                     M. Alieu Iscandari
                                     Attorney for Plaintiff Steven Young