JEFFREY M. VUCINICH (SBN 67906)
ELIZABETH D. RHODES (SBN 218480)
CLAPP MORONEY VUCINICH BEEMAN & SCHELEY
1111 Bayhill Drive, Suite 300
San Bruno, CA 94066
Telephone 650-989-5400
Facsimile: 650-989-5499
e-mail: erhodes@clappmoroney.com

Attorney for Defendants EAST PALO ALTO POLICE OFFICERS
DANIEL CANCILLA and ROBERT STEVE HUMRICH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA –OAKLAND

| | |
|---|---|
| STEVEN YOUNG, et al.,<br><br>Plaintiff,<br><br>vs.<br><br>EAST PALO ALTO POLICE OFFICERS DANIEL CANCILLA and ROBERT STEVE HUMRICH and DOES 1- 50, et al.,<br><br>Defendants. | Case No. 4:18-CV-01931-DMR<br><br>**DEFENDANTS' OBJECTION TO PLAINTIFF'S USE OF A NON-NEUTRAL PHOTO FROM THE INTERNET OF WITNESS OFFICER WEIGAND LOOKING INTO A VEHICLE, UNRELATED TO THE SUBJECT INCIDENT DUE TO CONFUSING EFFECT ON JURY, AND LACK OF HELPFULNESS TO THE TRIER OF FACT**<br><br>Complaint filed: 03/29/18<br><br>Trial: February 18, 2020<br>Courtroom: 4<br>Judge: Hon. Donna Ryu, Magistrate |

Defendants EAST PALO ALTO OFFICERS DANIEL CANCILLA and STEVE HUMRICH herewith submit their formal objections to plaintiff's request this morning to put a photo found on the internet of witness officer Weigand into evidence for alleged purpose to remind the jury of Weigand's identity, and potentially to offer irrelevant and completely prejudicial information designed to inflame the jury, rather than assist them in making the determinations of fact which they

1

are tasked with for the inquiry before them. Defendants do not stipulate to the plaintiff's use of a photo from an unknown source, on an unknown date, involving unknown parties who are apparently sitting in a vehicle, perhaps a police car, perhaps a civilian vehicle, no one knows. The photo is not neutral. It is an officer looking into a car with an expression on his face as if he is in mid-sentence.

The jury will be confused. They have heard no testimony to back up this photo because there is none. It has nothing to do with this case.

The plaintiff also will have to authenticate the photo. It does not fall into any exception to the hearsay rule. The jury should not hear an explanation from the plaintiff that this photo is circulating on the Internet, and that is how they found it, because the underlying inference is that there is some reason for it to be circulating on the internet, and that reason is a good reason to find these officers liable for civil rights violations, because Officer Weigand's photo must be circulating on the internet for some reason that is related to this case if it is used as an exhibit in this case.

The action photo is clearly an attempt to somehow insert character evidence of a witness, by putting a photo in that looks like he is talking to someone in a police vehicle. This did not happen here. This is just confusing material that plaintiff is sought to insert into the record, and it should not be permitted. There are only two officers on trial here, not three, and the East Palo Alto Police Department is not a defendant either. The evidence against them should not be supplemented by confusing photograph imagery that has nothing to do with this case.

Further if plaintiff believed they were in need of this photo, they should have provided it by email by 12:00 p.m. last night, or with a notice later as to why they were not providing it sooner. The case law supports precluding the admission of this photograph as an exhibit.

Rule 403 supports a finding that there is no basis for utilizing a photograph having nothing to do with this case, that is not a simple identification photograph but one with a witness in an unknown place at an unknown time in the course of perhaps an arrest, perhaps a Terry stop, perhaps anything. It is not a neutral photo.

When photographs are properly admitted, they are used to corroborate evidence. For example, photos were properly admitted because they corroborated various pieces of testimony:

2

DEFENDANTS' OBJECTION TO PLAINTIFF'S USE OF A NON-NEUTRAL PHOTO FROM THE
INTERNET OF WITNESS OFFICER WEIGAND LOOKING INTO A VEHICLE, UNRELATED TO THE
SUBJECT INCIDENT DUE TO CONFUSING EFFECT ON JURY, AND LACK OF HELPFULNESS TO THE
TRIER OF FACT; Case No. 4:18-Cv-01931-DMR

body had been dragged down hill to its discovered location, defendant's statement that body would be difficult to find, and time it took to locate body; admission of two additional photos did not constitute abuse of discretion. *United States v. Casey*, 825 F.3d 1 (1st Cir. 2016), cert. denied, 137 S. Ct. 839, 197 L. Ed. 2d 77 (2017).

Courts properly exclude photographs that are not demonstrative of any fact or evidence in the case at hand. For example, the argument by defendants, truck driver and his trucking company, that district court erred in excluding and withdrawing from evidence photos and video created by their accident reconstruction expert because plaintiff car driver's objection to that evidence was untimely and because car driver herself had already used some of photos in her case-in-chief, was rejected because there were differences between visibility of exemplar tractor depicted in photos and video and tractor involved in accident **such that evidence did not depict accurately accident conditions and evidence** thus failed under Fed. R. Evid. 403. *McPherson v. Rowe*, 366 Fed. Appx. 43 (11th Cir. 2010). Here, this photograph does not depict the subject case, and certainly allowing it starts an inquiry in the reasonable juror's head as to why this photograph was included, and what it depicts. The point is, it depicts nothing. It is only be introduced as a way to confuse and inflame the jury.

When a court does admit photographs it is because they are corroborative in nature. For example, photos were properly admitted because they corroborated various pieces of testimony: body had been dragged down hill to its discovered location, defendant's statement that body would be difficult to find, and time it took to locate body; admission of two additional photos did not constitute abuse of discretion. *United States v. Casey*, 825 F.3d 1 (1st Cir. 2016), cert. denied, 137 S. Ct. 839, 197 L. Ed. 2d 77 (2017). Here, this photograph corroborates nothing, but instead confuses the viewer who will have no idea why the photo is included. And again, allowing plaintiff to say that he took it off the internet, will make the jury believe that they should consider Weigand's actions as part of their inquiry as to whether or not excessive force, or other constitutional violation of plaintiff's rights is reasonably found on the facts pertinent to this case.

There are no proper reasons to bring this photo into evidence. (1) the photo is not related to this subject incident. The photo looks as if Weigand is looking into a window of a police car. There is no evidence that Weigand was looking into the police car as plaintiff, and the jury will be confused by the photo's purview. (2) Weigand is not on trial, and the jury will be misled by the inclusion of a photo to render the inference that Young and Humrich can somehow be held responsible for whatever allegations plaintiff may have or seek to argue about Weigand, when he is not on trial and has not been sued. (3) the photo is not helpful to a trier of fact, but in fact and as alluded to above in number 1, will do no more than leave them wondering why they are being shown a photo of Weigand; (4) does not offer any grounds for impeachment and (5) is an improper reliance on the identity exception for hearsay. It is purely an attempt to insert inflammatory non-evidence, unhelpful to the trier of fact, and offered purely for improper purpose. Such a strategy should not be rewarded. The plaintiff will not be prejudiced if plaintiff is not permitted to insert a photograph found at the Internet at some point between Friday and today, because it does not help the trier of fact on the issues before them; the defendant will be prejudiced as set forth above. No law or federal rule warrants this offer of evidence.

Respectfully submitted,

DATED: February 24, 2020

CLAPP, MORONEY, VUCINICH, BEEMAN
and SCHELEY, A PROFESSIONAL
CORPORATION

By: ___/s/ *Jeffrey M. Vucinich*___
     Jeffrey M. Vucinich
     Elizabeth D. Rhodes
     Attorneys for Defendants EAST PALO
     ALTO POLICE OFFICERS
     DANIEL CANCILLA and
     ROBERT STEVE HUMRICH

**EXHIBIT A**



| | |
|---|---|
| 1 | **YOUNG v. CITY OF EAST PALO ALTO OFFICERS DANIEL CANCILLA and STEVE HUMRICH, et al.** |
| 2 | U.S. District Court, Northern District of California Case No. 4:18-cv-01931-DMR |

**YOUNG v. CITY OF EAST PALO ALTO OFFICERS DANIEL CANCILLA and STEVE HUMRICH, et al.**

U.S. District Court, Northern District of California Case No. 4:18-cv-01931-DMR

**PROOF OF SERVICE - Civil**
[*Code of Civ. Proc. §§ 1011, 1013, 1031a, 2015.5*]

**METHOD OF SERVICE**:

☐ **By Personal Service**   ☐ **By Mail**   ☐ **By Overnight Delivery**
☐ **By Messenger Service**   ☐ **By Facsimile**   ☒ **By E-Mail/Electronic Transmission**

1. I am a citizen of the United States and am employed in the County of San Mateo, State of California. I am over the age of 18 years and not a party to the within action.

2. My place of employment is 1111 Bayhill Drive, Suite 300, San Bruno, CA 94066.

3. On the date set forth below, I caused to be served a true and correct copy of the document(s) described as:

**DEFENDANTS' OBJECTION TO PLAINTIFF'S USE OF A NON-NEUTRAL PHOTO FROM THE INTERNET OF WITNESS OFFICER WEIGAND LOOKING INTO A VEHICLE, UNRELATED TO THE SUBJECT INCIDENT DUE TO CONFUSING EFFECT ON JURY, AND LACK OF HELPFULNESS TO THE TRIER OF FACT**

4. I served the document(s) on the persons below, as follows:

| | |
|---|---|
| M. Alieu Iscandari, Esq.<br>Iscandari & Associates<br>303 Hegenberger Road, Suite 311<br>Oakland, CA 94621<br>Tel: (510) 606-9062<br>Fax: (510) 803-5684<br>email: izcan79@gmail.com<br>Attorneys for Plaintiff STEVEN YOUNG | Tiega-Noel Varlack, Esq.<br>Varlack Legal Services<br>225 W. Winton Avenue, Suite 207<br>Hayward, CA 94544<br>Tel: (510) 397-2008<br>Fax: (510) 397-2997<br>email: Tiega@varlacklegal.com<br>Attorneys for Plaintiff STEVEN YOUNG |

5. The document(s) was served by the following means (specify):

    a. ☐ **BY PERSONAL SERVICE.** I caused to be personally delivered the document(s) to the persons at the addresses listed in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours

5

**DEFENDANTS' OBJECTION TO PLAINTIFF'S USE OF A NON-NEUTRAL PHOTO FROM THE INTERNET OF WITNESS OFFICER WEIGAND LOOKING INTO A VEHICLE, UNRELATED TO THE SUBJECT INCIDENT DUE TO CONFUSING EFFECT ON JURY, AND LACK OF HELPFULNESS TO THE TRIER OF FACT; Case No. 4:18-Cv-01931-DMR**

of eight in the morning and six in the evening.

    b.    ☐ **BY UNITED STATES MAIL**. I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and (specify one):

        (1)    ☐ deposited the sealed envelope with the United States Postal Services, with the postage fully prepaid.

        (2)    ☐ placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the County where the mailing occurred. The envelope or package was placed in the mail at San Bruno, California, County of San Mateo.

    c.    ☐ **BY OVERNIGHT DELIVERY.** I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 4. I place the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

    d.    ☐ **BY MESSENGER SERVICE**. I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed in item 4 and providing them to a professional messenger service for service.

    e.    ☐ **BY FAX TRANSMISSION**. Based on an agreement of the parties to accept service by fax transmission, I faxed the document(s) to the person(s) at the fax numbers listed in item 4. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

    f.    ☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION.** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the person(s) at the email addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ **(State)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

6
**DEFENDANTS' OBJECTION TO PLAINTIFF'S USE OF A NON-NEUTRAL PHOTO FROM THE INTERNET OF WITNESS OFFICER WEIGAND LOOKING INTO A VEHICLE, UNRELATED TO THE SUBJECT INCIDENT DUE TO CONFUSING EFFECT ON JURY, AND LACK OF HELPFULNESS TO THE TRIER OF FACT; Case No. 4:18-Cv-01931-DMR**

☒ **(Federal)** I declare that I am employed in the offices of a member of the bar of this court at whose direction this service was made. I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 24, 2020, at San Bruno, California.

                                                   */s/ Elizabeth D. Rhodes*
                                                    Elizabeth D. Rhodes

**DEFENDANTS' OBJECTION TO PLAINTIFF'S USE OF A NON-NEUTRAL PHOTO FROM THE INTERNET OF WITNESS OFFICER WEIGAND LOOKING INTO A VEHICLE, UNRELATED TO THE SUBJECT INCIDENT DUE TO CONFUSING EFFECT ON JURY, AND LACK OF HELPFULNESS TO THE TRIER OF FACT; Case No. 4:18-Cv-01931-DMR**