FILED FEB 26 2020
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA
OAKLAND OFFICE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEVEN YOUNG,

    Plaintiff,

v.

DANIEL CANCILLA, et al.,

    Defendants.

Case No. 18-cv-01931-DMR

**VERDICT FORM**

1. Has Steven Young proven that Daniel Cancilla attempted to conduct a pat down search of his person without reasonable suspicion to do so?

    Yes ✓    No ____

If you answered "no" to Question 1, proceed directly to Question 2. If you answered "yes" to Question 1, answer all of the following Special Questions i-xi before proceeding to Question 2. In answering Special Questions i-xi, **you must base your answers solely on what Mr. Cancilla knew or believed at the time he first attempted to pat down Mr. Young on May 2, 2017. Do not consider anything that Mr. Cancilla learned after that time.**

    i.    Did Mr. Cancilla reasonably believe that the neighborhood around 2250 Menalto Avenue was a high crime area? Yes ✓ No ____

    ii.    Did Mr. Cancilla reasonably believe that drug sales had occurred at 2250 Menalto Avenue in the past? Yes ✓ No ____

    iii.    Did Mr. Cancilla reasonably believe that Mr. Young had sold drugs at 2250 Menalto Avenue in the past? Yes ✓ No ____

    iv.    Did Mr. Cancilla reasonably believe that Mr. Young could be involved in drug sales at 2250 Menalto Avenue on that day? Yes ✓ No ____

    v.    Did Mr. Cancilla reasonably suspect that Mr. Young could have weapons concealed on his person? Yes ✓ No ____

vi. Did Mr. Cancilla reasonably believe that Mr. Young had a razor in his hand?
Yes ✓   No ____

vii. Did Mr. Cancilla reasonably believe that Mr. Young could use the razor as a weapon against him or others?   Yes ____   No ✓

viii. Did Mr. Cancilla reasonably believe that Mr. Young could be physically aggressive toward him?   Yes ____   No ✓

ix. Did Mr. Cancilla reasonably believe that Mr. Young appeared to be agitated?
Yes ____   No ✓

x. Did Mr. Cancilla reasonably fear for his own safety?   Yes ____   No ✓

xi. Did Mr. Cancilla reasonably fear for the safety of the other officers on scene?
Yes ____   No ✓

Proceed to Question 2.

2. Has Steven Young proven that any of the following Defendants used excessive force against him?

    Daniel Cancilla:    Yes ____    No ✓

    Steven Humrich:    Yes ____    No ✓

Proceed to Question. 3.

3. Has Steven Young proven that Daniel Cancilla arrested him without probable cause?
Yes ____   No ✓

Proceed to Question 4.

4. Has Steven Young proven that Steven Humrich unreasonably seized money from his person?
Yes ____   No ✓

If you answered "no" to Questions 1, 2, 3, and 4 as to <u>both Defendants</u>: stop, sign and date the form, and return the form to the bailiff. If you answered "yes" for any question, as to either or

2

both Defendants, then answer Questions 5 and 6 as to that Defendant or those Defendants only.

5. State the amount of damages proven by Steven Young.

    Daniel Cancilla:     Amount of damages: ~~Medical & Court Costs~~ Costs of medical care, if any, that Young had to pay for ER services on 5/2/2017

    Steven Humrich:     Amount of damages: NONE

If Steven Young proved no actual damages, you must award nominal damages up to one dollar. Proceed to Question 6.

6. Has Steven Young proven that either of the Defendants' conduct was malicious, oppressive, or committed in reckless disregard of his rights?

    Daniel Cancilla:     (Yes) ✓     No _____

    Steven Humrich:     Yes _____     (No) ✓

If you answered "no" as to <u>both</u> Defendants in Question 6: stop, sign and date the form, and return the form to the bailiff. If you answered "yes" as to either Defendant in Question 6, proceed to Question 7.

7. Do you award Steven Young punitive damages against either of the Defendants?

    Daniel Cancilla:     (Yes) ✓     No _____

    Steven Humrich:     Yes _____     (No) ✓

Dated: 2/26/20

JONATHAN WONG
Presiding Juror

United States District Court
Northern District of California

3